

# THE ATTORNEY GENERAL
## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

April 7, 1967

Hon. Charles H. King, Jr.
Commissioner
Bureau of Labor Statistics
Austin, Texas

Opinion No. M-53

Re: Under the stated fact situation, whether an employee must be given time off to vote while engaged in working overtime hours at his request, and if the employer is compelled to allow the employee sufficient time off to vote, is the employer required to compensate him at the overtime wage rate.

Dear Commissioner King:

You have requested an opinion of this office concerning the above captioned matter under the following set of facts:

"An employee, upon arriving at work on election day, indicates his desire to work overtime, should overtime be necessary, for that particular day. This particular employee then works his regular eight hours and is subsequently offered a chance to work several additional hours overtime as he had previously requested. The employee accepts the overtime and then works for two and one-half hours during the overtime period up to 6:30 p.m. The employee then requests that his employer permit him time off to vote in a local election and that he be compensated at the overtime rate during his absence while voting."

Article 209, Vernon's Penal Code provides as follows:

"Whoever refuses to an employee entitled to vote the privilege of attending the polls, or subjects such employee to a penalty or deduction of wages because of the exercise of such privilege, shall be fined not to exceed five hundred dollars."

This statute was originally enacted as a part of the Terrell Election Law in 1905. Since its enactment, the statute has not been before an appellate court of this state for construction or

- 242 -

application. In Attorney General's Opinion V-1532 (1952), this office held that an employer is not required to give an employee time off to vote where the employee has sufficient time to vote outside his working hours. If an employee does not have sufficient time to vote outside his working hours, it would be a violation of the statute if his employer denies him additional time as is necessary for exercising his privilege of attending the polls. Sufficiency of time was held to be a question of fact depending upon the circumstances in each particular case.

In light of this holding, if the employee under the facts stated in your opinion request had sufficient time to vote outside his working hours, the employer would not be required to allow the employee to leave his employment for the purpose of voting.

Should the employee not have sufficient time to vote outside his working hours, the employer normally would be required to permit the employee sufficient time off to attend the polls without any deduction of wages because of the exercise of that privilege. Attorney General's Opinion V-1532 (1952). However, under the stated facts the employee would have had sufficient time to vote after he had completed his normal working hours at 4:00 p.m., and the employer would not have committed a violation of the statute had he refused to give such employee time off to vote during his normal work period. Since the employee was not being required to work beyond 4:00 p.m., he was free thereafter to exercise his freedom of choice to vote or not to vote. Therefore, it is the opinion of this office that, when the employee voluntarily requested to be permitted to work overtime hours beyond 4:00 p.m., he elected to work such additional hours as the employer deemed necessary in providing him the opportunity. In making such election the employee exercised his freedom of choice of attending or not attending the polls, which is the right created by the statute. The employer has not denied the employee the privilege of voting because unquestionably the employee had that right until, by his own action, he relinquished it by requesting the overtime work for his own pecuniary benefit, instead of using this time to exercise his privilege of voting. In making his election the employee has accepted the privilege of working the additional hours on the terms and conditions offered by the employer, and should not thereafter be allowed to revoke his action as the employer has the right to rely upon this acceptance in planning his work schedule, production requirements and employee complement necessary for the overtime period. To hold otherwise would create an undue burden on the employer if he were faced with the possibility of his work force abandoning the job after he had planned his work schedule, based upon the employees' assurance that they would be available and working.

With regard to your second question, in view of our holding above it is clear that the employee in question would not be entitled to be compensated, either at his regular rate of pay or at the overtime rate, should the employer voluntarily permit him to leave the job for the purpose of attending the polls. If an employee voluntarily requests to work additional hours and then requests permission to leave his employment to vote, he is attending the polls on time which is outside his <u>required</u> working hours and for which, in any event, he is not <u>entitled</u> to any compensation from his employer.

Conversely, if at the employer's election, he requires his employees to work additional overtime hours and such employees do not have sufficient time to attend the polls outside of their normal and overtime working hours, the employer would be required to allow these employees sufficient time off to vote, should it be requested, without any deduction from their wages because of the exercising of such privilege. In this situation it would make no difference whether the employees were permitted time off during their regular working hours or their overtime hours as their total compensation would be the same, as if they had not taken time off to vote.

## SUMMARY

Under the stated facts, Article 209, V.P.C., does not require an employee to be given time off to vote while working overtime hours that he had voluntarily requested. If the employer voluntarily permits such employee time off to attend the polls, during such overtime period, the employee is not entitled to be compensated for such time, either at his regular rate of pay or at the overtime rate.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert W. Norris
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman

Mary K. Wall
Marvin Sentell
Lonny Zwiener
John Banks

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.